IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

COREY JERRY PRITCHETT,

        Petitioner,

    v.

STEVE FRANKE,

        Respondent.

Case No. 2:12-cv-01849-SI

OPINION AND ORDER

Corey Jerry Pritchett, 16888342
Two Rivers Correctional Institution
82911 Beach Access Road
Umatilla, OR 97882

    Attorney for Petitioner

Ellen F. Rosenblum, Attorney General
Kristen E. Boyd, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

    Attorneys for Respondent

1 - OPINION AND ORDER

SIMON, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his 2008 state-court convictions. For the reasons that follow, the Amended Petition for Writ of Habeas Corpus (#12) is denied.

### BACKGROUND

On May 14, 2007, the Multnomah County Grand Jury indicted petitioner on thirty-four counts arising from his scheme to defraud individuals through 19 real estate transactions. On June 26, 2007, petitioner advised the court that he wished to proceed *pro se* but subsequently agreed to attempt to work things out with his appointed attorney. Trial Transcript, pp. 77-78, 88.

On August 1, 2007, the trial court held a substitution of counsel hearing where petitioner complained that his appointed attorney could not devote the time required to his case, and that a personal conflict had developed between the two because counsel did not meet him frequently enough, was not responsive to messages, and had secured a 60-day extension of the trial date without petitioner's permission. He therefore asked for substitute counsel or, in the alternative, to proceed *pro se* with a legal advisor. Trial Transcript, pp. 53-55, 62.  The trial court denied petitioner's motion for new counsel, advising petitioner that his appointed attorney had acted in his best interests in seeking an extension of time in such a complex case. *Id* at 65-69.

2 - OPINION AND ORDER

On the day his trial was scheduled to begin, October 23, 2007, petitioner advised the court that he had filed a federal lawsuit against his attorney and had also made a formal complaint to the Oregon State Bar. *Id* at 75-76.  He informed the court that he wished to proceed *pro se*, and the court ultimately allowed him to do so but flatly refused to grant any continuance. *Id* at 78, 88, 123.  The court did, however, retain defense counsel to act as an advisor to petitioner throughout the trial. *Id* at 124.

The State dismissed two of the charges, and a jury convicted petitioner of the remaining charges: ten counts of Theft in the First Degree, eight counts of Securities Fraud, four counts of Selling an Unregistered Security, four counts of Sale of Securities by an Unlicensed Person, four counts of Theft in the Second Degree, and two counts of Aggravated Theft in the First Degree. Respondent's Exhibit 101.  As a result, the court sentenced petitioner to a total of 97 months in prison. *Id.*

Petitioner took a direct appeal, but the Oregon Court of Appeals affirmed the trial court's decision without opinion and the Oregon Supreme Court denied review. *State v. Pritchett*, 231 Or. App. 380, 218 F.3d 579 (2009), *rev. denied*, 347 Or. 608, 226 F.3d 43 (2010).

Petitioner next filed for post-conviction relief ("PCR") in Umatilla County where the PCR trial court denied relief on his claims.  Respondent's Exhibits 107-108.  Petitioner's appeal of

3 - OPINION AND ORDER

that decision was pending at the time respondent filed his Answer and Exhibits.

Petitioner filed this federal habeas corpus action on October 15, 2012, and he filed an Amended Petition for Writ of Habeas Corpus on December 28, 2012 in which he raises the following claims:

> 1. The trial court's denial of petitioner's motion for a continuance was a denial of his right to counsel and denied him his ability to effectively represent himself because: (a) petitioner was unable to present his defense of due process and lack of notice which can only be presented in a pretrial demurrer; and (b) it prevented petitioner from calling an independent expert witness on securities to corroborate his testimony and defense;

> 2. The trial court's denial of petitioner's motion for a continuance constituted a due process violation because he did not have adequate time to prepare for trial, it prevent him from meeting and investigating witnesses before trial, and it prevented him from reviewing exculpatory evidence such as business records and witness statements before trial;

> 3. Petitioner's conviction was obtained by the unconstitutional failure of the prosecution and the court to disclose evidence favorable to the defense;

> 4. The trial court's failure to inquire during the sentencing hearing into petitioner's objection and complaint of a conflict with standby counsel was a violation of his Sixth and Fourteenth Amendment right of access and adequate assistance to present his defense; and

4 - OPINION AND ORDER

5.    Petitioner was constructively denied counsel at a critical pre-trial hearing and during pretrial preparation.

Amended Petition, pp. 13-22.

On February 3, 2014, the court found that petitioner fairly presented all of his grounds for relief to Oregon's state courts so as to preserve them for federal habeas review. Because the State had not briefed the merits of Grounds Three, Four, and Five,[1] the court ordered respondent to provide supplemental briefing on those claims. Respondent complied with that Order, and petitioner's Grounds One through Five are now before the court for consideration on their merits.

## DISCUSSION

## I. Expansion of the Record & Discovery Request

Petitioner has submitted four exhibits for this court's consideration. Respondent objects to the admission of these exhibits because: (1) Petitioner's Exhibit 101 is simply duplicative of Respondent's Exhibit 102; and (2) Petitioner's Exhibits 102-104 are documents from petitioner's state post-conviction review which were never before the Oregon state courts when they adjudicated the claims at issue in this case.

---

[1]  Respondent had only asserted that the claims were unpreserved.

5 - OPINION AND ORDER

Petitioner's Exhibit 104 is comprised of a statement from Chris Peterson dated January 15, 2007 and titled "Multnomah Circuit Court." This document was obviously presented to the trial judge: "Mr. Peterson, I have in front of me a statement that you handed to me, and the date states January 15, '07." Trial Transcript, p. 2070. The trial judge then placed the statement in the court file. *Id* at 2071-72. This was sufficient to place it in the record such that its inclusion in this case does not require the court to expand the record. Accordingly, the court overrules respondent's objection to Petitioner's Exhibit 104.

The court sustains respondent's objections to petitioner's remaining Exhibits because Petitioner's Exhibit 101 is duplicative of Respondent's Exhibit 102, and because Petitioner's Exhibits 102 and 103 are documents from petitioner's state post-conviction proceedings, and the claims he raised in those proceedings are not at issue in this case. *See Cullen v. Pinholster*, 131 S.Ct. 1388, 1389 (2011) ("review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits[.]").

## II. **Standard of Review**.

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by

6 - OPINION AND ORDER

the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. The state court's application of clearly established law must be objectively unreasonable. *Id* at 409.

When a state court reaches a decision on the merits but provides no reasoning to support its conclusion, the federal habeas court must conduct an independent review of the record to determine

7 - OPINION AND ORDER

whether the state court clearly erred in its application of Supreme Court law. *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000). In such an instance, although the court independently reviews the record, it still lends deference to the state court's ultimate decision. *Harrington v. Richter*, 131 S.Ct. 770, 784-85 (2011); *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002).

## III. <u>Analysis</u>

### A.   <u>Grounds One and Two: Denial of Continuance</u>

As Grounds One and Two, petitioner alleges that the trial court's denial of a continuance on the day of trial directly impacted his ability to put on a defense because it prevented him from raising pretrial motions, interviewing and calling expert witnesses, conducting pretrial investigation, and reviewing exculpatory evidence in violation of his right to due process. As there is no reasoned state court decision denying relief on these claims, the court conducts an independent review of the record.

The matter of continuance falls within the discretion of the trial judge. *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964). "Trial judges necessarily require a great deal of latitude in scheduling trials" due to the problems associated with assembling witnesses, lawyers and jurors. *Morris v. Slappy*, 461 U.S. 1, 11 (1983); *United States v. Garrett*, 179 F.3d 1143, 1145 (9th Cir. 1999). A petitioner alleging he was denied the right to assistance of counsel due to the court's denial of a continuance must demonstrate

"an unreasoning and arbitrary 'insistence upon ... expeditiousness in the face of a justifiable request for delay.'" *Morris*, 461 U.S. at 11-12 (quoting *Ungar*, 376 U.S. at 589). In evaluating decisions denying continuances, reviewing courts must pay particular attention to the reasons presented to the trial judge in support of the request for continuance. *Ungar*, 376 U.S. at 589. The denial of a continuance will result in habeas corpus relief only if petitioner can show that he actually suffered prejudice as the result of the denial of a continuance. *Gallego v. McDaniel*, 124 F.3d 1065, 1072 (9th Cir. 1997).

In this case, petitioner fails to demonstrate that he suffered prejudice as a result of the denial of the continuance. Although he informed the trial court that he needed additional time to locate witnesses for trial, he did not identify any specific witnesses he needed for his defense. Trial Transcript, pp. 163-64. With respect to discovery, petitioner's attorney-advisor informed the court that the State had not breached any discovery rules and had, in fact, provided extraordinary access to its materials. *Id* at 98-100. When petitioner complained to the trial court that he was unable to present unidentified defenses at trial because he did not have time to file pre-trial motions, the judge noted that he had "not prohibited and wouldn't prohibit you from presenting evidence should you so choose to do so." *Id* at 162. In fact, the

judge allowed petitioner to present witnesses he had never disclosed to the State. *Id* at 806-13.

This record reveals that petitioner had an opportunity to present his case, and to do so with an attorney advisor who had prepared for the trial. When petitioner was unable to offer the trial court any material reason why his case might be prejudiced in the absence of a continuance, he placed the judge in a difficult position by insisting on proceeding *pro se* on the morning set for trial. While the court takes seriously the fact that the trial court required petitioner to proceed to trial on the same day he elected to proceed *pro se*, given the absence of any showing of prejudice the trial court's refusal to allow a continuance did not arise to the level of a due process violation.

**B.    Ground Three: Failure to Disclose Favorable Evidence**

As Ground Three, petitioner alleges that the prosecutor failed to disclose favorable evidence to him, and the trial court forced him to proceed to trial without discovery. As discussed above, the State provided copious discovery in this case. While petitioner claims that he did not have sufficient time before trial to review business files, receipts, letters, and e-mails, he fails to identify any discovery that was inappropriately withheld from him, including any favorable or exculpatory evidence. Accordingly Ground Three is without merit.

///

10 - OPINION AND ORDER

C.    **Ground Four: Failure to Inquire Into Conflict**

Petitioner next alleges that, during sentencing, the trial court failed to inquire into a conflict he had with his advisory attorney during the trial. During sentencing, petitioner sought a second extension of time to prepare for sentencing. Trial Transcript, p. 2148. He then suddenly changed his focus to an allegation of a conflict with his attorney-advisor during trial:

| | |
|---|---|
| Pet'r: | Mr. Sugarman and I have been at conflict during – I want to bring on the record. During the trial there's been the issue just of that I've had to work to defend myself with – |
| Court: | Mr. Pritchett, I'm going to stop you. This is not really the time nor the place for that argument to take place. |
| Pet'r: | Okay. |
| Court: | I'm going to deny your request for additional time. I gave additional time last time because I believed you needed additional time to fairly review the sentencing PSI report. But that said, it's time to move on now. |
| Pet'r: | Okay. |

*Id* at 2148-49.

Petitioner asserts that the trial judge's failure to inquire of the alleged conflict and make findings is a clear violation of his Sixth Amendment right to counsel. Petitioner's complaint at sentencing about his alleged conflict with his attorney-advisor at sentencing was untimely, and the court had already entertained petitioner's complaints of a conflict on three separate occasions

11 - OPINION AND ORDER

prior to trial.   But even assuming sentencing was an appropriate time to raise a claim of conflict during trial, petitioner still cannot prevail on this claim.

The Sixth Amendment carries with it a right to conflict-free representation.   *Wheat v. United States*, 486 U.S. 153 (1988). However, petitioner waived his representation in this case and there is no clearly established federal law guaranteeing him a conflict-free relationship with his volunteer attorney advisor. Accordingly, the court was under no duty to make any inquiry on this issue.

**D.   Ground Five: Denial of Pretrial Counsel**

Finally, petitioner alleges that the trial court improperly deprived him of counsel during a critical pretrial event.   He asserts that on the morning his trial was scheduled to begin, he asked the court to require the State to disclose discovery he believed it was withholding.   The court relied on statements made by petitioner's appointed attorney (prior to petitioner's election to proceed *pro se*) wherein counsel "represented to this court that there was not any failure to ultimately deliver the appropriate discovery."   Trial Transcript, pp. 143-44.   The court also informed petitioner, "I understand and appreciate that you may disagree with him, but I am choosing to believe that statement."   *Id* at 144.

Petitioner believes that counsel's statements pertaining to discovery amounted to the constructive denial of counsel.   The

12 - OPINION AND ORDER

court disagrees.  Counsel was under an obligation to the court to accurately represent his view of the discovery process, and the fact that petitioner disagreed with him over the extent of the discovery provided by the State did not in any way amount to the denial of counsel.

After reviewing all of petitioner's claims, and conducting an independent review of the record with respect to each of them, the court finds that the state-court decisions denying relief are neither contrary to, nor unreasonable applications of, clearly established federal law.

## CONCLUSION

For the reasons identified above, the Amended Petition for Writ of Habeas Corpus (#12) is denied.  The court does, however, grant a Certificate of Appealability limited to petitioner's claim in Grounds One and Two that the trial court violated his right to due process when it refused to allow a continuance on the morning of trial.

IT IS SO ORDERED.

DATED this 27th day of May, 2014.

Michael H. Simon
United States District Judge

13 - OPINION AND ORDER